# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EILEEN M. RILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17CV2192 RLW |
| FEDEX CORPORATION, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant FedEx Corporation's Motion to Dismiss and/or Substitute Defendant (ECF No. 15) and Defendant FedEx Office& Print Services, Inc.'s Motion to Dismiss or for More Definite Statement (ECF No. 17). The motions are fully briefed and ready for disposition.

## Background

On July 31, 2017, *pro se* Plaintiff filed an Employment Discrimination Complaint alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). (Compl., ECF No. 1; Charge of Discrimination, ECF No. 1-1) In her Complaint, Plaintiff alleges that Defendant terminated her employment in violation of the ADEA and subjected her to a hostile work environment. Plaintiff also alleges that Defendant knew about her lawsuit against her former employer and retaliated against her for engaging in a protected work activity.

On November 14, 2017, Defendant FedEx Corporation filed a Motion to Dismiss and/or Substitute Defendant, claiming that FedEx Corporation is not the proper corporate Defendant.

Instead, Plaintiff's employer was FedEx Office & Print Services, Inc. Defendant also filed a Motion to Dismiss or for More Definite Statement, asserting that Plaintiff's Complaint should be dismissed for failure to state a claim. Alternatively, Defendant moves for a more definite statement with sufficient factual details for Defendant to properly respond.

## **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556.

Under Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

2

"Motions under Rule 12(e) are disfavored and should not be granted unless the Complaint is so vague or ambiguous as to be unintelligible 'that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself.'" *Ransom v. Winter*, No. 4:06CV1702FRB, 2007 WL 1992299, at *1 (E.D. Mo. July 3, 2007) (quoting 5C Wright & Miller, Federal Practice & Procedure: Civil 3d § 1376 at 311 (2004)).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(b)(2) and (d). Likewise, Rule 10 requires plaintiff to state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

## Discussion

As a preliminary matter, the Court notes that Plaintiff was employed by FedEx Office & Print Services, Inc. and not the parent corporation, FedEx Corporation. Plaintiff's Charge of Discrimination and the W-2 forms included in her Complaint verify FedEx Office & Print Services, Inc. as her employer. (ECF Nos. 1 pp. 22-24, 1-1) "There is a strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances." *Brown v. Fred's, Inc.*, 494 F.3d 736, 739 (8th Cir. 2007) (quotation omitted). The Court finds that FedEx Office & Print Services, Inc. is the proper Defendant in this matter and will be substituted for FedEx Corporation. Future pleadings shall reflect such substitution.

With respect to Defendant's motion to dismiss or for a more definite statement, the Court finds that Plaintiff's Complaint does not meet the pleading requirements of Rules 8 and 10 of the

3

Federal Rules of Civil Procedure. First, the 29-page Complaint contains a lengthy letter documenting various work-related events and interactions, emails, an employer termination statement, a performance counseling form, and W-2 forms. While Plaintiff contends these are "facts" in support of her claims, they do not constitute "a short and plain statement of the claim," nor are her ADEA and Title VII allegations "simple, concise, and direct." Fed. R. Civ. P. 8(b)(2) and 8(d). Her Complaint does not indicate the number of counts she asserts or which facts support each claim. The additional facts contained in Plaintiff's response do not cure her pleading defects. (ECF No. 19) The Court notes that Defendant has filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. However, because Plaintiff is proceeding *pro se*, the Court will give her an opportunity amend her Complaint to comply with the pleading requirements of the Federal Rules of Civil Procedure.

Plaintiff is warned that her amended complaint will replace her original complaint, and claims that are not re-alleged will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). The Court further advises Plaintiff that the website of the United States District Court for the Eastern District of Missouri, located at www.moed.uscourts.gov, has an entire section dedicated to assisting *pro se* litigants, including a program for preparing a civil complaint.

Accordingly,

**IT IS HEREBY ORDERED** on Defendant FedEx Corporation's Motion to Dismiss and/or Substitute Defendant (ECF No. 15) is **GRANTED**. The Clerk of the Court shall substitute FedEx Office& Print Services, Inc. for FedEx Corporation as the Defendant in this matter.

**IT IS FURTHER ORDERED** that Defendant FedEx Office& Print Services, Inc.'s Motion to Dismiss or for More Definite Statement (ECF No. 17) is **DENIED** as to the motion to dismiss and **GRANTED** as to the motion for more definite statement.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint that complies with the Federal Rules of Civil Procedure and this Memorandum and Order no later than June 29, 2018. Failure to timely file an Amended Complaint or otherwise comply with the instructions set forth above will result in dismissal of this action without prejudice.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum and Order via regular mail and UPS to Plaintiff, Eileen M. Riley, at her last known address: 3224 Meramec Street, Apt. 7, St. Louis, MO 63118.

Dated this 12th day of June, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**