# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EILEEN M. RILEY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> FEDEX OFFICE & PRINT SERVICES, INC., ) <br> ) <br> Defendant. ) | No. 4:17CV2192 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant FedEx Office & Print Services, Inc.'s Motion to Dismiss Amended Complaint. (ECF No. 28) The motion is briefed and ready for disposition. After careful consideration, the Court will grant the motion in part.

## BACKGROUND

On July 31, 2017, *pro se* Plaintiff filed an Employment Discrimination Complaint alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* (ECF No. 1; Charge of Discrimination, ECF No. 1-1) In her Complaint, Plaintiff alleged that Defendant terminated her employment in violation of the ADEA and subjected her to a hostile work environment. Plaintiff also alleged that Defendant knew about her lawsuit against her former employer and retaliated against her for engaging in a protected work activity.

On November 14, 2017, Defendant FedEx Corporation filed a Motion to Dismiss and/or Substitute Defendant, claiming that FedEx Corporation is not the proper corporate Defendant because FedEx Office& Print Services, Inc. for FedEx Corporation was Plaintiff's employer. (ECF No. 15) On June 12, 2018, the Court issued a Memorandum and Order (ECF No. 23) substituting FedEx Office& Print Services, Inc. for FedEx Corporation as the defendant in this

matter. The Court further denied Defendant's Motion to Dismiss or for More Definite Statement (ECF No. 17) as to the motion to dismiss and granted the motion as to the motion for more definite statement. Accordingly, the Court ordered Plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure.

Plaintiff filed her amended Employment Discrimination Complaint on June 29, 2018. (ECF No. 24) Like her initial complaint, Plaintiff selected the following conduct as the source of her complaints:

- termination of my employment
- failure to promote me
- terms and conditions of my employment differ from those of similar employees
- retaliation
- harassment

She also handwrote the following after "other conduct (specify):" "Hostile and intimidating actions by internal and external customers, partners, etc. . ." (Ellipses used in complaint) Plaintiff also filed a separate Response to Substitute Defendants and More Definite Statement. (ECF No. 25) Defendant subsequently filed its Motion to Dismiss Amended Complaint. (ECF No. 28) After she failed to respond to Defendant's motion within the time frame imposed by this district's local rules, the Court issued an Order to Show Cause why she had not responded. (ECF No. 30) Plaintiff timely sent in a letter in response in which she stated she "believed that the misrepresentation of the facts was clear enough that a response was not needed." (ECF No. 31) To the extent her letter can be interpreted as a response to Defendant's motion to dismiss, the Court considered it in the disposition of the motion.[1]

---

[1] Plaintiff's letter in response to the Court's show cause order (ECF No. 31) continues to suggest FedEx Corporation should be the defendant in this case because it and FedEx Office& Print Services, Inc. "were acting as one entity." The Court's Memorandum and Order of June 12, 2018 already decided the proper entity is FedEx Office& Print Services, Inc. The only other substantive argument offered in Plaintiff's letter references "Codes of Conducts." The Court does not know what codes she is referencing. Based on a review of the record, the only discussion of "codes"

2

## LEGAL STANDARD

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

---

seems to be related to Plaintiff's prior lawsuit against a former employer in which her claims were based in part on the employer's internal code of ethics. *Riley v. US. Bank*, No. 4:08CV00206 ERW. Because Plaintiff clearly states she "stands by her original and amended pleadings" and "truly believed the court had sufficient information to proceed without my formal response" to Defendant's Motion to Dismiss, the Court will rule on Defendant's motion without further briefing.

## DISCUSSION

In Plaintiff's amended Employment Discrimination Complaint (ECF No. 24), she checked the boxes indicating her lawsuit is based on Title VII and the ADEA. She also handwrote "Equal Pay Act of 1963 and/or under Title VII and/or ADEA." Defendant agues she has failed to allege sufficient facts to support claims under any of the cited statues.

### I. Claim under Title VII

To support her claim under Title VII, Plaintiff explains Defendant hired her as a full-time employee and she worked with a female manager, a full-time male employee, and a part-time male manager at the FedEx Office in Rock Hill, Missouri. (ECF No. 25) Additionally, Plaintiff asserts that around the time she completed her 90-day probation period, "she received a customer who shipped a package to the Lead Attorney on her previous case that was filed in this court on 2/8/2008." (*Id.*) During the following weeks, she "received two or three customers that made it clear that they needed to send a signature page to FedEx Corporation at the Lagacy [sic] TX Home Office address." She then states, "Defendant contracted with various parties including but not limited to customers and contractors." (*Id.*)

Plaintiff also mentions that her W-2 tax forms have "the Rock Hill zip code rather than her zip code" and that "it was not an oversight." (*Id.*) She next states she received a "letter from the State of Missouri-Department of Revenue [that states]: Satisfaction of Certificate of Lien for Tax Year 2007." (*Id.*)

Plaintiff further alleges the following:

Defendant discriminated against Plaintiff with knowledge of the hostile, intimidation and retaliatory employment practices including but not limited to unreasonable increase in customer traffic when she worked alone that differed from other equally situated employees.

4

> Plaintiff was subjected to these employment practices at other centers as well but not with customers but other employees to prevent or interfere with her work.
>
> Plaintiff reasonably believes the defendant and partners new [sic] the onerous burden to Plaintiff from April 2014 to August 2016 and they had documentation/video of various events. Plaintiff was offered and accepted Lead Position at Ellisville in August 2016 believing it would be over because I was in one location.

(ECF No. 25)

As an initial matter, Defendant suggests Plaintiff's use of the word "hostile" is an attempt to establish a Title VII claim based on a hostile work environment. Defendant, however, argues any such claim must be dismissed for failure to exhaust administrative remedies. Plaintiff did not check "sex" or any other protected characteristic as the basis for the alleged discrimination on her Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). (ECF No. 24-1) Rather, she only checked "retaliation." (*Id.*) "In general, '[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996) (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)). Because Plaintiff did not pursue a claim based on any protected status at the EEOC, she cannot for the first time before this Court. Furthermore, despite noting her gender and the gender of the other employees at her location, Plaintiff has not alleged a causal connection between any alleged harassment and any protected status. *See Gordon v. Shafer Contracting Co.*, 469 F.3d 1191, 1195 (8th Cir. 2006) (a plaintiff must show "a causal nexus exists between the harassment and the plaintiff's protected group status"). Consequently, Plaintiff can only seek to argue a claim under Title VII based on retaliation.

Defendant also argues Plaintiff has failed to allege facts sufficient to maintain a claim of retaliation under Title VII. As with claims based on hostile work environment, a plaintiff seeking relief for retaliation under Title VII must demonstrate a "causal nexus" between protected activity and the employer's adverse employment action. *Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 986 (8th Cir. 2011). Plaintiff indicated in the "particulars" section of her Charge of Discrimination filed with the EEOC that she informed Defendant of a prior lawsuit she filed against a previous employer. (ECF No. 24-1) The conduct Plaintiff claims violates Title VII primarily consists of having increased customer traffic when she worked alone and receiving a package from a customer who wanted it shipped to the lead attorney in a lawsuit she filed against another employer. Despite Plaintiff's characterization that this conduct was "unreasonable" and constituted an "onerous burden," Defendant argues she has not shown how her alleged increased workload was an act of intentional retaliation for her engaging in any protected activity under Title VII. The Court agrees and dismisses Plaintiff's claim under Title VII.

## II. Claim under the ADEA

To support her claim under the ADEA, Plaintiff alleges Defendant used "arbitrary factors like seniority, technical skills actually achieved at the time of hire that disadvantaged Plaintiff and affected the terms and condition of employment." (ECF No. 25, at 3) She further states that, despite performing her job satisfactorily, she "was terminated but not for the reasons stated on termination document." (*Id.*) Plaintiff then alleges: "Plaintiff[, 53,] was replaced by a female, 18[,] hired as part-time and who actively and knowingly cooperated in the violation of policy & procedures to negatively impact terms and conditions of employment for Plaintiff." (*Id.*)

6

Defendant again argues Plaintiff failed to exhaust her administrative remedies and, accordingly, her claim under the ADEA should be dismissed. In her amended Employment Discrimination Complaint filed with this Court, she put an "x" indicating her lawsuit was based in part on the ADEA. She also put an "x" that she "believe[d] that [she] was discriminated against because of [her] . . . age." (ECF No. 24, at 5) In her Charge of Discrimination filed with the EEOC, however, the only box Plaintiff checked was "retaliation." (ECF No. 24-1) She did not check that she was being discriminated against based on "age," and her allegations detailed in the "particulars" section did not indicate she believed she was being discriminated against because of her age. (*Id.*)

"Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court." *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005). To assert an ADEA claim, the plaintiff must first file a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018). This requirement provides the EEOC with an initial opportunity to investigate allegations of employment discrimination and work with the parties toward voluntary compliance. *Shelton*, 399 F.3d at 912.

It is clear from the record that Plaintiff did not pursue a claim of age discrimination at the EEOC. She did not indicate that she had been discriminated against on the basis of her age either by checking the "age" box or including any age-related facts among her allegations. The Court is mindful that "courts should not use Title VII's administrative procedures as a trap for unwary *pro se* civil-rights plaintiffs." *Shannon*, 72 F.3d at 685. However, "there is a difference between liberally reading a claim which lacks specificity . . . and inventing, *ex nihilo*, a claim which simply was not made." *Id.* (internal quotation marks omitted). Based on the contents of

7

her administrative charge, the EEOC investigation could not have been expected to cover age-related claims. Therefore, in order to bring a claim of age discrimination under the ADEA, plaintiff first needs to exhaust her administrative remedies by filing an age discrimination claim with the EEOC. *See Shelton*, 399 F.3d at 912; *Moses*, 894 F.3d at 919. She has not done so in this case.

Since plaintiff's EEOC Charge of Discrimination does not include any age-related claims, she has not exhausted her administrative remedies under the ADEA. Accordingly, plaintiff's ADEA claim must be dismissed without prejudice. *See Townes v. Walgreens Co.*, No. 4:18-CV-01635-NCC, 2019 WL 285959, at *3 (E.D. Mo. Jan. 22, 2019).

### III. Claim under Equal Pay Act

Finally, Plaintiff included in her amended Employment Discrimination Complaint that this lawsuit was based in part on the Equal Pay Act of 1963 ("EPA"). (ECF No. 24) Her amended complaint and accompanying response (ECF No. 25), however, are devoid of any factual allegations or specific numbered count related to that statute. *Price v. N. States Power Co.*, 664 F.3d 1186, 1192 (8th Cir. 2011) (quoting *Tenkku v. Normandy Bank*, 348 F.3d 737, 741 n.2 (8th Cir. 2003) ("To establish a prima facie case of wage discrimination a woman must provide 'sufficient evidence' that her 'employer paid different salaries to men and women for equal work performed under similar conditions.'").

Similar to her ADEA claim, Plaintiff failed to raise any claim related to sex-based wage discrimination in her EEOC Charge of Discrimination. Because she has failed to exhaust her administrative remedies with regard to her EPA claim, this claim must also be dismissed without prejudice.

8

Accordingly,

**IT IS HEREBY ORDERED** Defendant FedEx Office & Print Services, Inc.'s Motion to Dismiss Amended Complaint (ECF No. 28) is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant under Title VII of the Civil Rights Act of 1964 is **DISMISSED with prejudice** and her claims under the Age Discrimination in Employment Act and Equal Pay Act of 1963 are **DISMISSED without prejudice** for failure to exhaust administrative remedies. A separate Order of Dismissal accompanies this Memorandum and Order.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum and Order and the accompanying Order of Dismissal via regular mail and UPS to Plaintiff, Eileen M. Riley, at her last known address: 3224 Meramec Street, Apt. 7, St. Louis, Missouri 63118.

Dated this 4th day of February, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**